**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAMONT BULLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-808 |
| | ) | District Judge David S. Cercone |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| MIKE HICE, DEPARTMENT OF | ) | |
| CORRECTIONS, WILLIAM NICHOLSON, | ) | |
| STEPHANY WOODS, MARK | ) | |
| DIALESANDRA, SUPERINTENDENT | ) | |
| ROBERT GILMORE, SUPERINTENDENT | ) | |
| MICHAEL ZAKEN, TRACEY SHAWLEY, | ) | |
| JOHN WETZEL, JOHN MCANANY, DR. | ) | |
| SMYTH, JAYAKUMAR, DR. JAY, DR. | ) | |
| PARKS, RONALD LONG, PHYSICIAN | ) | |
| ASSISTANT MARK HAMMER, | ) | |
| CORRECTIONAL OFFICER ANGELO, | ) | |
| CORRECTIONAL OFFICER W.T. HENRY, | ) | |
| CORRECTIONAL OFFICER | ) | |
| MCCRACKEN, CORRECTIONAL | ) | |
| OFFICER MASCETTA, PHYSICIAN | ) | |
| ASSISTANT FETTERMAN, DR. BAIRD, | ) | |
| JOHN POKOL, STANLEY FALOR, | ) | |
| CHARLES ROSSI and SAFETY | ) | |
| MANAGER, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Plaintiff Lamont Bullock ("Plaintiff"), an inmate presently incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), brings this *pro se* action arising out of allegations that he was deliberately exposed to contaminated foods and other harmful substances, and that he was denied proper medical treatment. ECF No. 20. Various Defendants have filed pending Motions to Dismiss, to which Plaintiff's response is currently due on February 18, 2022. ECF No. 79.

Presently before the Court is Plaintiff's Motion for Sanctions.  ECF No. 80.  In support of this motion, Plaintiff argues that Defendants have improperly served Court filings to him via Smart Communications.  Id. ¶¶ 4-7.  He argues that this has delayed his receipt of those documents, including Defendants' Motion to Dismiss at ECF No. 77, which he has not yet received.  Id. ¶¶ 1-4.  Plaintiff also argues that he does not want his confidential medical records to be shared with Smart Communications.  Id. ¶ 6.  Finally, he asserts that he appears to be missing Exhibits B, C, D and E and copies of sick-call slips that were attached to his grievances from the Motion to Dismiss filed by Defendants Dr. Baird ("Baird"), James Fetterman ("Fetterman"), Mark Hammer ("Hammer"), Michael Hice ("Hice") and Dr. Smyth ("Smyth") (the "SCI-Greene Medical Defendants") at ECF No. 63.  Id. ¶¶ 3, 8.

Based on these assertions, Plaintiff argues that he cannot adequately respond to Defendants' Motion to Dismiss.  Id. ¶ 10.  He requests that the Court enter an Order requiring Defendants not to send any mail to him through Smart Communications, or that they be precluded from filing documents in this action.

Various Defendants have filed Responses to Plaintiff's Motion for Sanctions.  ECF No. 82, 83 and 85.  Under Pennsylvania Department of Corrections ("DOC") policy, Defendants argue, they are required to send Plaintiff mail through Smart Communications.  ECF No. 82 at 2-4; ECF No. 83 at 1; ECF No. 85 ¶¶ 1-8.  Because Smart Communications simply scans the documents and does not review them, there is no confidentiality concern relative to Plaintiff's medical records.  ECF No. 85 ¶¶ 7-8.

To the extent Plaintiff suggests that he is missing exhibits to any grievance, the SCI-Greene Medical Defendants represent they filed all of the grievance records they received from the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") in their entirety; however, they

will send Plaintiff another courtesy copy if he clarifies which grievance he is referring to.  ECF No. 82 at 5.

Upon review, the Motion for Sanctions is denied.  Because he is incarcerated, Defendants must mail service copies through Smart Communications in order for Plaintiff to receive the documents.  Under DOC policy DC-ADM 803, incoming inmate mail is divided into two categories: "privileged" and "non-privileged."  McLaughlin v. Zavada, No. 19-422, 2019 WL 5697347, at *1 (W.D. Pa. Nov. 4, 2019).  "Privileged" mail is sent to the prison where the inmate is incarcerated, entered into a log, and then distributed to the inmate.  Id.  "Privileged correspondence shall only contain essential, confidential, attorney-client communication."  Id.

All "non-privileged" mail, however, must be sent to Smart Communications.  Id.  Smart Communications is an outside service located in St. Petersburg, Florida, which scans the mail and sends it electronically to staff at the inmate's facility.  Id.  The scanned copies are then electronically submitted to the appropriate facility, where they are printed and delivered to the inmates.  Id.

Because Plaintiff does not have an attorney-client relationship with Defendants' counsel in this matter, they are required to send this non-privileged mail through Smart Communications. While the Court appreciates Plaintiff's frustration with the delay, he may request extensions of time to respond as appropriate.  Indeed, the Court has already granted Plaintiff an extension of time to respond to pending Motions to Dismiss until February 18, 2022.

For these reasons, the Motion for Sanctions will be denied.  Given Plaintiff's claim that he is still waiting to receive a copy of the Motion to Dismiss at ECF No. 77 and may not have received certain exhibits to the SCI-Greene Medical Defendants' Motion to Dismiss, however, the Court will enter an Order further extending Plaintiff's deadline to respond to the Motions to Dismiss and

requiring the SCI-Greene Medical Defendants to re-submit service copies of Exhibits B, C, D and E to their pending Motion to Dismiss to Plaintiff.[1]  An appropriate Order follows.

WHEREFORE, this 9th day of February, 2022, IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions, ECF No. 80, is DENIED.  IT IS FURTHER ORDERED that Plaintiff's deadline to respond to Defendants' Motions to Dismiss at ECF Nos. 59, 63 and 77 is due by March 11, 2022.  Defendants Baird, Fetterman, Hammer, Hice and Smyth shall mail to Plaintiff a copy of Exhibits B, C, D and E to their Motion to Dismiss, ECF No. 63.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.  Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

 _/s/ Maureen P. Kelly_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent Plaintiff suggests that the SCI-Greene Medical Defendants failed to produce sick-call slips that were attached to his grievances, they represent they have filed all grievance records they received from SOIGA.  The Court also notes that Plaintiff subpoenaed the same documents from SOIGA.  ECF No. 73.  Therefore, there is nothing further to produce.

cc:    Honorable David S. Cercone,
        United States District Judge

        LAMONT BULLOCK
        AS-1035
        SCI Greene
        175 Progress Drive
        Waynesburg, PA 15370

        All counsel of record via CM/ECF.