IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT BULLOCK, | ) |
| Plaintiff, | ) ) ) 2:20-cv-808-NR-MPK ) |
| v. | ) ) |
| MIKE HICE, et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER ADOPTING REPORT & RECOMMENDATION (ECF 100)**

Before the Court is Magistrate Judge Maureen P. Kelly's Report and Recommendation (ECF 100), recommending that Plaintiff Lamont Bullock's claims against Defendant Dr. Ronald Long be dismissed with prejudice. Mr. Bullock, proceeding *pro se*, has filed objections to the R&R. ECF 108; ECF 109.

After carefully considering the record and upon a *de novo* review of the R&R, the Court overrules Mr. Bullock's objections, and adopts Judge Kelly's R&R as the opinion of the Court, with additional explanation below. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a 'de novo determination' … Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (cleaned up)); *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court. When a district court does accept the Magistrate's report, that is a judicial act, and represents the district court's considered judgment." (cleaned up)).

Judge Kelly concluded in the R&R that Mr. Bullock's claims against Dr. Long are barred by the applicable two-year statutes of limitations. ECF 100, pp. 7-

8. That's because "the only conduct at issue occurred in 2006, 2009, and 2010—more than 10 years before [Mr. Bullock's] Complaint was filed." *Id.* at p. 8. Judge Kelly also found "no apparent basis for tolling the statute of limitations." *Id.*

In his objections to the R&R, Mr. Bullock does not dispute that Dr. Long's alleged conduct occurred more than two years ago, but instead focuses on the "continuing violations doctrine" as a basis for tolling. *See* ECF 109, pp. 5-6.

"The continuing violations doctrine is an equitable exception to the limitations period, which provides that, when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." *Beckett v. Pa. Dep't of Corr.*, 597 F. App'x 665, 667-68 (3d Cir. 2015) (cleaned up). So, for this doctrine to apply, first, the plaintiff "must demonstrate that at least one act occurred within the filing period." *Kimes v. Univ. of Scranton*, 126 F. Supp. 3d 477, 492 (M.D. Pa. 2015) (cleaned up). "Next, the plaintiff must establish that the [alleged wrong] is more than the occurrence of isolated or sporadic acts." *Id.* (cleaned up). Three factors guide the analysis of the second prong:

> (1) subject matter—whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation;
>
> (2) frequency—whether the acts are recurring or more in the nature of isolated incidents; and
>
> (3) degree of permanence—whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequence of the act would continue even in the absence of a continuing intent to discriminate.

*Beckett*, 597 F. App'x at 667-68.

Mr. Bullock's claims against Dr. Long fail on both prongs.

Mr. Bullock argues that "the amended complaint alleges specific unconstitutional acts that were planned and calculated, relating back 20 years and through 8 prisons that were without a break in the transactions and acts," specifically, "in the denial of medical treatment." ECF 109, p. 5.  But he has failed to clearly allege any conduct that occurred in the last two years. ECF 100, p. 9.  On that basis alone, he cannot use the continuing-violations doctrine to save his tardy claim.

Even if he had clearly alleged conduct that occurred within the last two years, it still would not save his claims based on any conduct that occurred before, which encompasses all the allegations in his amended complaint against Dr. Long.

"Courts in the Third Circuit have been reluctant to allow a prisoner plaintiff to invoke the continuing violations doctrine in the context of a Section 1983 action," especially when the crux of the claim is the denial of proper medical treatment. *Ferreiras v. Rice-Grego*, No. 20-cv-1686, 2021 WL 6498252, at \*5 (W.D. Pa. Nov. 2, 2021) (Lenihan, J.), *report and recommendation adopted by*, 2021 WL 6037585 (W.D. Pa. Dec. 21, 2021) (Horan J.).  "Even if the subject matter of the alleged violations is largely consistent, it may not satisfy the first factor needed to invoke the doctrine if different defendants at separate institutions committed the violations."  *Id.* (citation omitted).  "[A]lleging separate actions by separate defendants also goes to the frequency analysis," in that it "would be difficult to establish frequency if different individuals were violating a plaintiff's rights."  *Id.* (citation omitted).  But beyond those problems, the third factor (the degree of permanence), which is the most important, is the biggest impediment.

"The Court must consider carefully the distinction between continuing violations and discrete acts.  If the plaintiff's claims are based on discrete acts which give rise to causes of action that can be brought individually, then the continuing violations doctrine does not serve to extend the applicable statute of limitations

periods." *Anders v. Bucks Cnty.*, No. 13-5517, 2014 WL 1924114, at *4 (E.D. Pa. May 12, 2014) (cleaned up). "Denial of proper medical treatment … falls into discrete acts that carry a degree of permanence which should have triggered a plaintiff's duty to bring a lawsuit within the statute of limitations." *Ferreiras*, 2021 WL 6498252, at *6 ("Each time a prisoner was denied treatment for Hepatitis, C, it was conduct that had a degree of permanence to trigger this duty to bring the cause of action to court."); *see also Runkle v. Pa. Dept. of Corr.*, No. 13-137, 2013 WL 6485344, at *5 (W.D. Pa. Dec. 10, 2013) (Kelly, J.) ("The fact that Plaintiff was repeatedly denied treatment does not aggregate those discrete acts into a continuing violation.").

In this case, Judge Kelly found that Mr. Bullock's "claims against Dr. Long arise out of discrete acts in 2006, 2009 and 2010[.]" ECF 100, p. 9. The Court adopts this finding, because Mr. Bullock's allegations closely "resemble the denial of medical care that courts in this jurisdiction have found to be discrete, isolated acts, rather than a continuous period of violations, which should have put [Mr. Bullock] on notice of his rights being violated." *Ferreiras*, 2021 WL 6498252, at *7. Indeed, Mr. Bullock was aware of his potential claims against Dr. Long for denial of proper medical care many years ago because he sued Dr. Long in 2015 for that very reason. ECF 100, pp. 4-5. That case, which was ultimately dismissed, contained similar allegations that Dr. Long "placed the plaintiff in circumstances creating imminent danger of serious physical injury and ongoing danger based on defendants['] repeated denials of treatment for plaintiff's HIV, HEPATITUS [sic] LIVER DISEASES, HERPIE [sic] SIMPLEX VIRUS, [and] DIABETES," and that defendants, including Dr. Long, "fabricated medical records and test results to cover up their willful[] and deliberate conduct." *Bullock v. Berrier*, No. 15-1 (W.D. Pa. Jan. 15, 2015), ECF 1-1. There can be no doubt, then, that Mr. Bullock has been on notice of his rights allegedly being violated by Dr. Long for a while.

For these reasons, and the reasons set forth in Judge Kelly's R&R, Mr. Bullock's "allegations simply do not meet the criteria for invoking this doctrine." *Ferreiras*, 2021 WL 6498252, at \*8.

Thus, the Court adopts Judge Kelly's R&R (ECF 100), with the addition of the discussion above, and overrules Mr. Bullock's objections (ECF 108; ECF 109). Dr. Long's motion to dismiss is **GRANTED**, and Mr. Bullock's claims against Dr. Long are hereby **DISMISSED** with prejudice.

Date: September 23, 2022                    BY THE COURT:


                                            /s/ *J. Nicholas Ranjan*
                                            United States District Judge