IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT BULLOCK, | ) |
| Plaintiff, | ) ) ) ) 2:20-cv-808-NR-MPK |
| v. | ) ) |
| MIKE HICE, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER ADOPTING REPORT & RECOMMENDATION (ECF 102)

Plaintiff Lamont Bullock, an inmate presently incarcerated at the State Correctional Institution at Greene, brings this *pro* se action against twenty-eight Defendants. Mr. Bullock's claims arise out of allegations that he was deliberately exposed to contaminated foods and other harmful substances, and that he was denied proper medical treatment. ECF 20.

Before the Court is Magistrate Judge Maureen P. Kelly's Report and Recommendation (ECF 102), recommending that the Court grant the motion to dismiss (ECF 77) filed by a group of co-Defendants referred to as the "Corrections Defendants."[1] Mr. Bullock has filed objections to the R&R. ECF 108; ECF 109.

After carefully considering the record and upon a *de novo* review of the R&R, the Court overrules Mr. Bullock's objections, and adopts Judge Kelly's R&R as the opinion of the Court. See *United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a 'de novo determination' … Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (cleaned up)); *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("[I]t must be assumed that the normal practice of the district judge is to give some

---

[1] The Corrections Defendants include Angelo, the Department of Corrections, Mark Dialesandra, Robert Gilmore, W.T. Henry, Mascetta, John McAnany, McCracken, William Nicholson, John Pokol, Charles Rossi, Tracey Shawley, Dorina Varner, John Wetzel, Stephany Woods, and Michael Zaken.

reasoned consideration to the magistrate's report before adopting it as the decision of the court. When a district court does accept the Magistrate's report, that is a judicial act, and represents the district court's considered judgment." (cleaned up)). The Court overrules Mr. Bullock's objections for the reasons stated in its prior order adopting the R&R granting the motion to dismiss filed by Dr. Ronald Long (ECF 116), in the R&R recommending that the Court grant the motion to dismiss filed by the Corrections Defendants (ECF 102), and in the response to objections filed by the Corrections Defendants (ECF 115).

Therefore, the motion to dismiss filed by the Corrections Defendants is **GRANTED**. However, because the Court cannot state with certainty that Mr. Bullock would be unable to plead any viable claim, he is granted limited leave to amend. That is, to the extent he can cure the deficiencies identified in the R&R, he may file a Second Amended Complaint as to his Eighth Amendment claims against the Corrections Defendants (excluding the DOC) and his ADA claim against the DOC.

Mr. Bullock is *not* granted leave to amend relative to:

(1) Any claims arising out of his first SCI-Greene incarceration, which are barred by the applicable statute of limitations;

(2) Eighth Amendment claims against the DOC, which are barred by Eleventh Amendment immunity;

(3) Any assault and battery claims against Shawley, Gilmore, Nicolson, Varner, Zaken, and Wetzel, which are barred by sovereign immunity; and

(4) Any ADA claims against individual Defendants.

All these claims are dismissed with prejudice.

Mr. Bullock must file any Second Amended Complaint by no later than **October 28, 2022**. Failure to do so will result in all his claims being dismissed with prejudice.

Date: September 28, 2022                BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge